**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CAPRICE CAPRICE,** also known as **CAPRICE,** also known as **NORMAN CALVERT,**

              **Plaintiff,**         9:09-cv-1014
                                                         (GLS/DRH)

              **v.**

**HONORABLE DAVID PATERSON,** Governor, The State of New York; **MR. ANDREW CUOMO,** Attorney General, The State of New York; **MR. BRIAN FISCHER,** Commissioner, Department of Correctional Services; **MR. DALE ARTUS,** Superintendent, Clinton Correctional Facility; **MR. PETE FREDERICK,** Chairperson, Clinton CF Media Review Committee; and **MR. J. KOWALSKI,** Chairperson, Clinton CF Media Review Committee,

              **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Caprice Caprice
The Kingdom of Heaven
Pro Se
3660 Waldo Avenue
Suite 4B
Riverdale, NY 10463-2225

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    DOUGLAS J. GOGLIA
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Caprice Caprice, an inmate formerly in the custody of New York State Department of Correctional Services (DOCS), brings this action under 42 U.S.C. § 1983 alleging violations of his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights. (*See* Am. Compl., Dkt. No. 8.) On September 8, 2010, defendants moved to dismiss Caprice's complaint. (Dkt. No. 19.) In a Report-Recommendation and Order (R&R) filed April 13, 2011, Magistrate Judge David R. Homer recommended that defendants' motion be granted.[1] (Dkt. No. 25.) Pending are Caprice's objections to the R&R. (Dkt. No. 26.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error. *See id.*

### III. Discussion[2]

### A. Service of Defendants' Motion

Caprice objects to the R&R based on his alleged inability to respond to defendants' motion allegedly because he did not receive service of the motion. (*See* Objections at 1, Dkt. No 26.) While this issue is not addressed in the R&R, given Caprice's objection, the court will nonetheless review the issue de novo. Upon review of the record, Caprice's assertion is belied by the information available in both the docket and defendants' response to Caprice's objections. (*See generally* Resp. Mem. of Law, Dkt. No. 27; *see also* Decl. of Service, Dkt. No. 19:5.) The docket further

---

[2] For a full recitation of the facts, the parties are referred to the R&R. (*See* R&R at 2-3, Dkt. No. 25.)

3

indicates that on December 20, 2010, the court received a return receipt demonstrating that an order of extension to respond to defendants' motion was received by Caprice on December 10, 2010. (See Dkt. No. 23.) Accordingly, the court rejects Caprice's objection and finds service of defendants' motion to be timely and proper.

## B. Failure to Exhaust

In the R&R, Judge Homer concluded that Caprice's claim should be dismissed for failure to exhaust administrative remedies. (*See* R&R at 6, Dkt. No. 25.) Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 83 (2006). The exhaustion requirement is further defined by several restrictions and caveats. *See Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004). First, the exhaustion requirement applies even when the administrative grievance process cannot provide the relief requested by the inmate.[3] *See Nussle*, 534 U.S. at 524. Second, the exhaustion

---

[3] While in DOCS custody, exhaustion can be achieved through the Inmate Grievance Program (IGP). *See* 7 N.Y. Comp. Codes R. & Regs. § 701.1. The IGP involves a "three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response; and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." *Abney v.*

4

requirement does not apply to former inmates who commence federal actions after their release from custody. *See Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). And third, the exhaustion requirement applies if a prisoner is released from prison during the action, yet failed to exhaust administrative remedies where there was "ample opportunity" to exhaust prior to release. *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2003). Dismissal is appropriate for failure to exhaust when a prisoner remained incarcerated for "several months after the onset of the conditions that gave rise to his complaints and prior to his release." *Berry*, 366 F.3d at 88. Additionally, a court must consider whether:

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

*Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2004) (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

Here, Caprice is no longer in DOCS custody. However, he filed both his initial and amended complaints while incarcerated. (See Dkt. Nos. 1,

---

*McGinnis*, 380 F.3d 663, 668 (2d Cir. 2004) (citations omitted).

8.)  Furthermore, as Judge Homer notes, Caprice was in DOCS custody "for at least seven months after the refusal of defendants to provide him with his 'research magazines.'"[4]  (R&R at 7, Dkt. No. 25.)  There is nothing in the record to suggest that administrative remedies were unavailable to Caprice.  (*See id.* at 8-9.)  Nor does the record evidence anything to suggest that defendants waived the defense or that special circumstances existed to justify Caprice's failure to comply.  Instead, Caprice submits that he felt exhaustion of administrative procedures was unnecessary, admitting "that he neither exhausted, nor felt the need to exhaust, his particular administrative remedies in the present case."  (*See id.* at 8-9 (citing Am. Compl. at ¶¶ 16, 18, Dkt. No. 8).)  Thus, Caprice, by his own admission, failed to exhaust his administrative remedies.  Therefore, because Judge Homer properly concluded that defendants' motion for failure to exhaust should be granted, the court grants defendants' motion.

C.   **Personal Involvement**

Liability under § 1983 may not arise merely because an individual

---

[4] Caprice indicated on his amended complaint that he brings this claim as a class action suit on behalf of himself and other inmates similarly situated.  The court notes, however, that Caprice lacks standing to assert such a claim "on other inmates' behalf."  *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008) (citation omitted); *see also Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976); *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988).

holds a supervisory position of authority. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). While there are circumstances where supervisory personnel may be considered personally involved, those circumstances are limited. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In this instance, defendants former Governor Paterson, former Attorney General Cuomo, Commissioner Fischer, and Superintendent Artus were named solely because of their positions of authority. (*See* R&R at 9-10, Dkt. No. 25.) In fact, Caprice asserts that the Governor and Attorney General are named in the suit because they are "ultimately responsible for all the actions of all of its officers" and "ultimately responsible for all of the Legal Decisions being made in the State of New York." (Am. Compl. at ¶¶ 9-10, Dkt. No. 8.) Caprice's reason for naming Commissioner Fischer and Superintendent Artus is similar, that they are "responsible for all the actions of all the DOCS employees" and "responsible for all the actions of all of the employees of the Clinton Correctional Facility," respectively. (*Id.* at ¶¶ 11-12.) However, a conclusory claim of personal involvement is insufficient. *Wright*, 21 F.3d at 501. In this case, former Governor Paterson, former Attorney General

7

Cuomo, Commissioner Fischer, and Superintendent Artus should be dismissed for lack of personal involvement. Accordingly, were the claims against all defendants' not barred for failure to exhaust, these defendants would be dismissed from the action for lack of personal involvement.

### IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David R. Homer's Report-Recommendation (Dkt. No. 25) is **ADOPTED**; and it is further

**ORDERED** that defendants' motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

August 2, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge